IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-CR-69-D
No. 4:17-CV-58-D

| | | |
|---|---|---|
| ARELI RENTERIA-CHAVEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On May 4, 2017, Areli Renteria-Chavez ("Renteria-Chavez"), moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 97-month sentence based on the alleged miscalculation of his advisory guideline range under Dean v. United States, 137 S. Ct. 1170 (2017). See [D.E. 37]. On July 20, 2017, Renteria-Chavez filed an amended section 2255 motion and made the same claim [D.E. 39]. On March 26, 2018, the government moved to dismiss Renteria-Chavez's motions for failure to state a claim upon which relief can be granted [D.E. 43, 44]. On April 6, 2018, Renteria-Chavez replied [D.E. 46]. As explained below, the court grants the government's motion to dismiss and dismisses Renteria-Chavez's section 2255 motions.

I.

On March 23, 2015, pursuant to a written plea agreement, Renteria-Chavez pleaded guilty to being an illegal alien in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2) (count one) and aggravated illegal reentry by an alien in violation of 8 U.S.C. § 1326 [D.E. 1, 21, 22]. On September 1, 2015, at Renteria-Chavez's sentencing hearing, the court calculated Renteria-Chavez's advisory guideline range to be 78 to 97 months' imprisonment based on a total offense level of 27 and criminal history category of II. See [D.E. 35]. After considering all relevant

factors under 18 U.S.C. § 3553(a), the court sentenced Renteria-Chavez to 97 months' imprisonment on each count to run concurrently. See [D.E. 33, 34]. Renteria-Chavez did not appeal.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

Section 2255(f) contains a one-year statute of limitations. Section 2255(f) provides that the one-year clock is triggered by one of four conditions, whichever occurs last:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental

2

action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4); see Johnson v. United States, 544 U.S. 295, 299–300 (2005); Whiteside v. United States, 775 F.3d 180, 182–83 (4th Cir. 2014) (en banc). A criminal appeal must be filed within fourteen days after the court enters judgment of conviction. See Fed. R. App. P. 4(b)(1)(A)(i). If a defendant does not appeal his judgment, a conviction becomes final for purposes of section 2255's statute of limitations when the fourteen-day appeal period expires. See Clay v. United States, 537 U.S. 522, 532 (2003). But cf. United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001) (holding that a conviction becomes final for purposes of section 2255's statute of limitations on the date judgment is entered if a defendant fails to file a direct appeal).

On September 4, 2015, the court entered Renteria-Chavez's judgment of conviction [D.E. 34]. Therefore, under Clay, his judgment became final on September 18, 2015, and his period within which to file a section 2255 motion ended on September 18, 2016. See, e.g., Clay, 537 U.S. at 532. Renteria-Chavez, however, did not file his section 2255 motion until May 4, 2017. See [D.E. 37]. Thus, Renteria-Chavez's section 2255 motion is untimely under section 2255(f). Furthermore, Renteria-Chavez has not plausibly alleged that any governmental action prevented him from filing a timely motion, that his motion is based on a right newly recognized by the Supreme Court, or that his motion is based on facts that could not have been discovered earlier through the exercise of due diligence. Accordingly, Renteria-Chavez's section 2255 motion is untimely under section 2255(f).

Alternatively, Renteria-Chavez may not bring his claim under section 2255. A petitioner

3

generally may not use section 2255 to challenge the calculation of his advisory guideline range. See United States v. Foote, 784 F.3d 931, 936–40 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); see also Whiteside, 775 F.3d at 183–87; United States v. Mikalajunas, 186 F.3d 490, 495–96 (4th Cir. 1999). Thus, the claim fails.

Alternatively, Renteria-Chavez's plea agreement contains an appellate waiver. See [D.E. 23] ¶ 2(c). In the waiver, Renteria-Chavez agreed

> [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal the conviction and whatever sentence is imposed on any ground, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

Id. In light of Renteria-Chavez's Rule 11 proceeding, the appellate waiver is enforceable. See United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013); United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Blick, 408 F.3d 162, 168–69 (4th Cir. 2005). Renteria-Chavez's claim falls within the appellate waiver. Accordingly, the waiver bars Renteria-Chavez's claim.

Alternatively, Renteria-Chavez cannot use Dean retroactively to challenge his advisory guideline calculation. In Dean, the Supreme Court held that "nothing in [18 U.S.C.] § 924(c) restricts the authority conferred on sentencing courts by § 3553(a) and the related provisions to consider a sentence imposed under § 924(c) when calculating a just sentence for the predicate count." Dean, 137 S. Ct. at 1176–77. Renteria-Chavez's case does not concern a sentence under 18 U.S.C. § 924(c). Thus, Renteria-Chavez's Dean claim fails.

4

After reviewing the claim presented in Renteria-Chavez's motion, the court finds that reasonable jurists would not find the court's treatment of Renteria-Chavez's claim debatable or wrong and that the claim does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 43], DISMISSES Renteria-Chavez's section 2255 motions [D.E. 37, 39], and DENIES a certificate of appealability.

SO ORDERED. This 14 day of June 2018.

JAMES C. DEVER III
Chief United States District Judge